[Civ. No. 8776.   Third Dist.   Sept. 12, 1956.]

PATRICK RICHARDS, a Minor, etc., Respondent, v. ROSS RELLES, JR., a Minor, etc., Appellant.

Russell A. Harris and Sherman C. Wilke for Appellant.

Nichols, Richard, Allard & Williams, Jesse Nichols, Edward M. Digardi, Anthony R. Brookman and Albert H. Mundt for Respondent.

PEEK, J.—This is an appeal by the defendant Relles from a judgment in favor of plaintiff and against Relles alone (the jury having found in favor of the defendant Viani) for

damages alleged to have been sustained by plaintiff as a result of being struck by a rock thrown by Relles.

The evidence, which is not in contradiction, shows that four years prior to the trial of the action the plaintiff Patrick Richards, who was then approximately 4½ years of age, was playing in a lot near his home with his older brother Jimmy and younger brother Gary. The defendants, Ross Relles and Harry Viani, who were between 8 and 9 years of age, were playing in a vacant lot immediately across the street from plaintiff. The defendants were throwing rocks and clods of dirt at various bottles and cans. Upon seeing the plaintiff and his brothers, Relles, to scare the Richards children, began throwing rocks and clods of dirt at them. Before the oldest of the Richards brothers was able to get them home, Patrick was struck in the eye by one of the objects, causing serious injury which resulted in permanent impairment of his vision. Appellant Relles does not contend, nor could he, that there was insufficient evidence to support the conclusion of the jury upon the question of actionable negligence; however he does contend that the court committed prejudicial error, first in the giving of certain instructions, and second in the refusal to give a particular instruction submitted by him.

The three instructions which form the basis of appellant's first contention are found in B.A.J.I., being Numbers 101, 101-A and 102, respectively, and are as follows:

"101. NEGLIGENCE—BASIC DEFINITION.

"Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, actuated by those considerations which ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care in the management of one's property or person."

"101-A. NEGLIGENCE—A RELATIVE TERM.

"Negligence is not an absolute term, but a relative one. By this we mean that in deciding whether there was negligence in a given case, the conduct in question must be considered in the light of all the surrounding circumstances, as shown by the evidence."

"102. ORDINARY CARE—DEFINITION.

"Ordinary care is that care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injury to themselves or to others."

■ It is appellant's contention that use of the words "management of one's property or person" and "management of their own affairs" in the challenged instructions clearly implied to the jury that the standard of conduct applicable to the case presented was that for a mature person capable of managing his own property and affairs; that in so doing the court thereby implied that the defendants, aged 8 and 8½, were capable of managing their own property or affairs, and hence it was directly in conflict with the provisions of sections 25 to 37, inclusive, of the Civil Code. In his argument appellant fails to consider that in addition to the instructions so challenged, the court also gave to the jury his instruction number 2 which was as follows:

"You are instructed that while a minor, like an adult, is required to exercise ordinary care, he is only required to exercise that degree or amount of care that is ordinarily exercised by one of like age, experience, and development. The ordinary care which a child of limited judgment and experience is called upon to exercise in a given situation is not the quantum of care required of an adult under the same circumstances. A child is required to exercise only that measure of care which children of the same age under similar circumstances ordinarily exercise."

The court further instructed the jury that:

"A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily is exercised by children of like age, mental capacity and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applies to an adult. It is for you to determine the mental capacity and experience of *each of the minor defendants,* and whether his conduct was or was not such as might reasonably have been expected from a child of like age, capacity and experience, under the same or similar circumstances."

In addition thereto, the court instructed the jury that it was to consider the instructions as a whole and not to single out any one particular sentence or word. Under such circumstances it cannot be said that the jury which had the opportunity of seeing the children involved, even though the trial was held four years after the date of the accident, was not well aware that the question presented by the instructions related to the conduct of minors. Likewise this court cannot say that the wording of the particular instructions so attacked

either confused the jury or misled it into a belief that the particular wording of such instructions placed upon defendants a degree of care wholly inconsistent with their ages.

Appellant's second contention is directed at the failure to give a further instruction proposed by him as follows:

"In determining whether or not the defendant Relles was negligent, a helpful guide to you can be found in the answer to this question: Can you, the jury, truthfully and conscientiously say, as you review the facts of this case as you find them, that the defendant Relles, aged 8½ years at the time of the occurrence giving rise to this suit, was doing anything more or less than healthy boys of his age have done from time immemorial and will continue to do as long as the race retains its activity and love of innocent sport?

"If you find the answer to that question in the negative, then you will find that the defendant Relles was not negligent and return a verdict in his behalf."

It is appellant's contention that while the instruction might have been worded differently, nevertheless, it did instruct the jury that the age, experience and development of a person at the date of the incident forming the basis of the action was the standard by which to judge his conduct, and that the failure of the court to give such instruction led the jury to understand that it was to determine the standard of conduct to be that of a child of his age at the time of the trial rather than the date of the accident.

We agree with plaintiff that the wording of the instruction was definitely argumentative; that it was an erroneous statement of the law, since custom or practice does not excuse a defendant's failure unless it is consistent with due care; and that it was an unnecessary instruction because the jury was otherwise fully instructed as to the true standard of care.

The record further shows that there could have been no question in the minds of the jurors that the injury occurred at a time when the appellant was four years younger than at the date of the trial. Appellant's counsel made this abundantly clear from the outset of the trial in his *voir dire* examination of the jurors, in his direct and cross-examination of the witness and by his repeated references thereto in his argument to the jury. Furthermore in this regard it should be noted that the court specifically instructed the jury as follows:

". . . I feel it important to again remind you that in judging the credibility of any witness who is a minor, you should give careful consideration to the age of the witness

at the time of the occurrence and at the time he or she testified, the lapse of time between the occurrence of the accident giving rise to this suit, and the time of testifying . . ."

The judgment is affirmed.

Schottky, J., and McMurray, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.